UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CREATIVE CHOICE HOMES XXX, LLC      Case No. _____
f/k/a Creative Choice Homes XXX, Inc.,

        Plaintiff,

v.

AMTAX HOLDINGS 690, LLC,
and PROTECH 2005-C, LLC,

        Defendants.
_____/

## **NOTICE OF REMOVAL**

Defendants, AMTAX HOLDINGS 690, LLC and PROTECH 2005-C, LLC, remove the action pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 19-CA-007052.  The Thirteenth Judicial Circuit Court is within the Tampa Division of the Middle District of Florida.  Removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between plaintiff, Creative Choice Homes XXX, LLC f/k/a Creative Choice Homes XXX, Inc., and defendants, AMTAX HOLDINGS 690, LLC and PROTECH 2005-C, LLC, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

### I. PROCEDURAL BACKGROUND AND COMPLIANCE

Plaintiff filed its action in state court on July 5, 2019.[1] The Complaint seeks declaratory relief and asserts a breach of contract action based on the partnership agreement between the parties. There is no evidence that service has been perfected, however, Defendants file this Notice of Removal in an abundance of caution, and this Notice is being filed within thirty (30) days of Plaintiff's filing of the Complaint. Therefore, this Notice is timely pursuant to 28 U.S.C. § 1446(b)(1).

Copies of all process, pleadings, orders, and other papers or exhibits of every kind available to be copied from the state court proceeding are attached as **COMPOSITE EXHIBIT B** in compliance with 28 U.S.C. § 1446(a). Defendants will file any supplemental papers not available as of the date of this Notice if and as it becomes necessary.

Contemporaneous with the filing of this Notice of Removal, Defendants have served a Notice of Filing Notice of Removal on Plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **EXHIBIT C**. The original Notice, with exhibits, is being filed with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

Pursuant to 29 U.S.C. § 1446(b)(2)(A), all Defendants named in this action consent to the removal of this action. Pursuant to Section 1446(a), the grounds for removal are set forth below.

### II. SUMMARY OF THE GROUNDS FOR REMOVAL

Removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff and Defendants, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

---

[1] A current and correct copy of the Hillsborough County Circuit Court's progress docket is attached as **EXHIBIT A**.

A.     *Removal is Based on Diversity of Citizenship.*

The foregoing action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a)(1), there being complete diversity of citizenship between Plaintiff and Defendants, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

Section 1332(a)(1) provides, in pertinent part:

(a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1)     citizens of different States.

28 U.S.C. § 1332(a)(1).  Plaintiff's estimated/claimed losses, exclusive of attorney's fees, exceed $75,000, and there is complete diversity of citizenship between Plaintiff and the Defendants.

First, as to the amount in controversy, Plaintiff seeks both declaratory relief and damages. The value of injunctive or declaratory relief for purposes of determining diversity jurisdiction is the "value of the object of the litigation" measured from the plaintiff's perspective.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted."  *Id.* (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (internal quotation marks omitted)).  Plaintiff seeks a declaratory judgment that Defendants are not authorized under the circumstances and the partnership agreement between the parties to remove Plaintiff as the general partner of the partnership to which the parties belong.  In short, the value of the declaratory relief sought is the value of the benefit to Plaintiff of remaining general partner of that partnership – and that value far exceeds the $75,000 threshold for diversity jurisdiction.  In addition, Plaintiff asserts a breach of contract claim for a minimum of $15,000 in damages, which may be aggregated with the value of the declaratory

3

relief sought to determine the amount in controversy.  *See Rogers Elec. Serv. Corp. v. CVS Pharmacy, Inc.*, No. 17-1555, 2017 WL 4174218, at *2 (N.D. Ga. 9/20/17) ("[T]he value of the damages claim[] must be aggregated with that of the declaratory judgment claim to determine the total amount in controversy for § 1332 purposes.").

In sum, the amount in controversy is sufficient to invoke this Court's diversity jurisdiction.  *See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554, (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

Second, as to diversity of citizenship, there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other.

More specifically, Plaintiff, Creative Choice Homes XXX, LLC, is a limited liability company, and its members are residents of Florida.  Defendants, AMTAX Holdings 690, LLC and PROTECH 2005-C, LLC, are limited liability companies, and the members of each are residents of Delaware, North Carolina and Texas – they are not residents of Florida.  Therefore, there is complete diversity between the parties.

> B. *Plaintiff Filed this Action in Hillsborough County, <u>which is Located Within the Tampa Division of this Court.</u>*

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Plaintiff filed this action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, thereby submitting to the jurisdiction of Hillsborough County as

4

the proper venue.  Hillsborough County is located within the Tampa Division of this Court.  Accordingly, removal to the Tampa Division of this Court is proper pursuant to Section 1441(a).

### III.   CONCLUSION

Removal is proper because the Complaint falls within this Court's jurisdiction pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff and Defendants, and the matter in controversy, exclusive of interest and costs, exceeds $75,000.  Defendants have met all procedural requisites for removal, and this Notice is filed timely. Defendants respectfully request that this Court take jurisdiction and conduct all further proceedings in this case.

Submitted this August 2, 2019.

By:   */s/ Eve A. Cann*
EVE A. CANN (FL Bar # 40808)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
ecann@bakerdonelson.com
FLLService@bakerdonelson.com
100 S.E. Third Avenue, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (954) 768-1600
Facsimile (954) 337-7636

*– and –*

ZACHARY J. BANCROFT
(FL Bar #0145068)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
zbancroft@bakerdonelson.com
bkcts@bakerdonelson.com
sdenny@bakerdonelson.com
SunTrust Center
200 South Orange Avenue, Suite 2900
Post Office Box 1549
Orlando, Florida 32802-1549
Telephone: (407) 422-6600
Facsimile: (407) 841-0325

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2019, I served a copy of the foregoing Notice of Removal electronically via CM/ECF or via U.S. mail to all parties/attorneys on the list to receive service/notice in this case, including but not limited to the following:

Scott A. McLaren, Esq.
Mark J. Criser, Esq., and
A. Evan Dix, Esq.
Hill, Ward & Henderson, P.A.
101 East Kennedy Boulevard
Bank of America Plaza, Suite 3700
Tampa, FL 33602
scott.mclaren@hwhlaw.com
mark.criser@hwhlaw.com
evan.dix@hwhlaw.com
Attorneys for Plaintiff

                                    */s/ Eve A. Cann*
                                    EVE A. CANN