# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CREATIVE CHOICE HOMES XXX, LLC,
f/k/a Creative Choice Homes XXX, Inc.,

      Plaintiff,

v.                                     Case No: 8:19-cv-1903-T-30SPF

AMTAX HOLDINGS 690 LLC, and
PROTECH 2005-C, LLC,

      Defendants.

_____

## <u>ORDER</u>

      This cause is before the Court upon Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 27) and Defendants' Response in Opposition (Dkt. 32). Upon review of these filings, and being otherwise advised in the premises, the Court denies Plaintiff's motion for the reasons stated in Defendants' response, which the Court will briefly summarize.

      Plaintiff moves to strike all of Defendants' affirmative defenses pursuant to Fed. R. Civ. P. 12(f). Rule 12(f) permits a court to "strike from a pleading an insufficient defense." It is widely known that district courts disfavor motions to strike and such motions are "usually denied." *PNC Bank v. Craggs Constr. Co.*, No. 5:16-CV-398-OC-30PRL, 2016 WL 6493908, at *1 (M.D. Fla. Nov. 2, 2016) (Moody, J.).

      Defendants argue that the motion to strike should be denied because Plaintiff failed to confer with Defendants pursuant to Local Rule 3.01(g) before filing the motion.

Defendants also argue that the motion lacks merit because most of the defenses are akin to denials and may be treated as such–both good points.

First, Local Rule 3.01(g) *requires* a moving party, when filing a motion such as the instant motion to strike, to "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion . . ." The main purpose behind this requirement is to avoid inundating the Court with matters that the parties could resolve between themselves after a good faith discussion. A motion to strike is particularly the type of motion that parties can resolve without involving the Court. Defendants contend that Plaintiff did not even attempt to confer with Defendants prior to filing its motion. This blatant failure warrants the motion's denial.

Second, the motion is denied on the merits because, in addition to being the type of motion that district courts unequivocally disfavor, the motion seeks to strike defenses that the Court (and the parties) may construe as specific denials. This is because "[a] defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. However, when a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and the proper remedy is not to strike the defense but to treat it as a specific denial." *Iberiabank v. Daer Holdings, LLC*, No. 8:12-CV-2872-T-30MAP, 2013 WL 980604, at *1 (M.D. Fla. Mar. 13, 2013) (Moody, J.) (internal citations omitted).

In sum, if the Court were to entertain Plaintiff's motion to strike any further, the Court would be flooded with frivolous motions that focus on nominal issues. Defendants' defenses, which are largely denials, provide Plaintiff with enough notice such that Plaintiff

may explore them further through discovery. In a sense, Defendants have done Plaintiff a favor because, at the earliest stage in this proceeding, they have placed Plaintiff on notice of what they perceive are defects in Plaintiff's claims. The defenses are certainly not prejudicial to Plaintiff. Moreover, they are not so insufficient as to warrant the extreme remedy of striking them.

It is therefore **ORDERED and ADJUDGED** that Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 27) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of January, 2020

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record