UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CREATIVE CHOICE HOMES
XXX, LLC, f/k/a Creative Choice
Homes XXX, Inc.,

    Plaintiff,

v.                                     Case No. 8:19-cv-1903-TPB-AAS

AMTAX HOLDINGS 690, LLC, and
PROTECH 2005-C, LLC,

    Defendants.
_____/

## ORDER

The defendants, Amtax Holdings 690, LLC and Protech 2005-C, LLC, move to compel non-party Naimisha Construction, Inc. to comply with a non-party subpoena and produce documents requested by the defendants. (Doc. 94). Naimisha opposes. (Doc. 97) Because compliance is required in the Southern District of Florida, the defendants' motion to compel is **DENIED.**

I.    BACKGROUND

In Florida state court, Creative Choice Homes XXX, LLC sued the defendants for breach of partnership agreement and declaratory judgment. (Doc. 1, Ex. 1). The defendants removed the case to this court, answered the complaint, and asserted affirmative defenses and a counterclaim against Creative Choice and Impro Synergies, LLC. (Doc. 18). This court entered a case

1

management scheduling order. (Doc. 31). However, the court extended the case management and scheduling order deadlines. (Docs. 48, 81, 93). The current discovery deadline is June 30, 2021. (Doc. 93).

On February 22, 2021, the defendants issued a non-party subpoena to Naimisha and served the subpoena on February 23, 2021. (Doc. 94, p. 4; Doc. 96, Ex. 1). Before serving this subpoena, the defendants provided notice and a copy of the subpoena to Creative Choice's counsel. (Doc. 94, p. 3). The subpoena required Naimisha to produce requested documents by March 8, 2021. (Doc. 96, Ex. 1). On March 29, 2021, Naimisha responded to the subpoena stating it did not have responsive records to produce that were not already produced by Creative Choice. (Doc. 97, Ex. 2).

On May 10, 2021, the defendants sent Naimisha a formal deficiency letter. (Doc. 97, Ex. 3). The defendants and Naimisha conferred on these issues, and Naimisha reiterated it had no other documents. (*See* Doc. 97, Ex. 4).

Now, the defendants move to compel Naimisha to amend its response to the subpoena and to comply with the subpoena by producing the requested documents. (Doc. 94). In response, Naimisha argues this court lacks jurisdiction to enforce the subpoena. (Doc. 97, pp. 3–4). Naimisha also argues without waiving jurisdiction, it has complied with the subpoena because it has no documents responsive to the requests and any documents it had were

already produced by Creative Choice. (*Id.* at p. 4).

## II. ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 45 governs discovery of non-parties by subpoena. Under Rule 45, parties may command a non-party to produce documents, electronically stored information, or tangible things in that person's possession, custody, or control for inspection, copying, testing, or sampling. Fed. R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(D). However, Rule 45 requires that the place of compliance be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

"Under the 2013 amendments to Federal Rule of Civil Procedure 45, the

district court with jurisdiction to enforce and to quash subpoenas is the 'court for the district where compliance is required,' which may or may not be the court that issued the subpoena." *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, No. 6:14-CV-203-ORL-41TBS, 2014 WL 4279073, at *1 (M.D. Fla. Aug. 28, 2014) (quoting Fed. R. Civ. P. 45(d)(1), (d)(3), (g)). However, if the court of compliance did not issue the subpoena, "it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

Here, Naimisha argues this court lacks jurisdiction to address the defendants' motion because the defendants' subpoena requires compliance in Fort Lauderdale, which is in the Southern District of Florida. Thus, the defendants must pursue their motion in the district court where compliance is required.[1] *See Dragon Jade Int'l, Ltd. v. Ultroid, LLC*, No. 8:17-cv-2422-T-27CPT, 2018 WL 6261871, at *1 (M.D. Fla. July 17, 2018); *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 1722481, at *3–4 (S.D. Fla. Apr. 15,

---

[1] Without waiving jurisdiction, Naimisha also argues that it has produced all the requested documents or Creative Choice previously produced the requested documents. (Doc. 97, p. 4). Even if this court had jurisdiction, the defendants' motion would be moot because Naimisha has complied with the subpoena. *See Rollins v. Banker Lopez & Gassler, PA*, No. 8:19-cv-233-T-33SPF, 2020 WL 1939396, at *1 (M.D. Fla. Apr. 22, 2020) (denying as moot a motion to compel compliance with non-party subpoena when the non-party informed the court that it had no responsive documents to the subpoena).

4

2015).

## III. CONCLUSION

The defendants' motion to compel Naimisha to comply with non-party subpoena (Doc. 94) is **DENIED**.

**ORDERED** in Tampa, Florida on June 22, 2021.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge