UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CREATIVE CHOICE HOMES XXX,**
**LLC f/k/a Creative Choice Homes**
**XXX, Inc.,**

    **Plaintiff,**
v.                               **Case No.: 8:19-CV-01903-TPB-AAS**

**AMTAX HOLDINGS 690, LLC,**
**and PROTECH 2005-C, LLC,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Defendants AMTAX Holdings 690, LLC and Protech 2005-C, LLC (collectively, the defendants) move for a determination that the defendants, as the prevailing party, are entitled to an award of their attorney's fees and nontaxable expenses against Plaintiff Creative Choice Homes XXX, LLC. (Doc. 175). The plaintiff does not oppose the motion. (*Id.* at p. 7). It is **RECOMMENDED** that the defendants' motion for entitlement to an award of attorney's fees and nontaxable expenses against the plaintiff (Doc. 175) be **GRANTED**.

**I.    BACKGROUND**

The plaintiff sued the defendants asserting counts for declaratory

1

judgment and breach of partnership agreement. (Doc. 1). The defendants counterclaimed against the plaintiff and Impro Synergies, LLC (Impro) and sought to remove the plaintiff and terminate Impro from the limited partnership under an Amended and Restated Agreement of Limited Partnership (the LPA). (Doc. 18).

United States District Judge Thomas P. Barber held a bench trial. (*See* Docs. 158, 159, 160). Judge Barber issued his Findings of Fact and Conclusions of Law and concluded that the plaintiff breached the LPA and its fiduciary obligations to the defendants such there were grounds for removal. (Doc. 173). Judge Barber dismissed the plaintiff's claims with prejudice and directed the entry of judgment for the defendants and against the plaintiff and Impro. (*Id.*). The Clerk entered the judgment. (Doc. 174).

The defendants now request an order of entitlement to their attorney's fees and nontaxable expenses as the prevailing party under the LPA. (Doc. 175). The plaintiff does not oppose the motion but reserves the right to contest the amounts requested. (*Id.* at p. 7).

II. ANAYLSIS

The principle that guides motions for attorney's fees is the American Rule: Each party must pay its own attorney's fees unless a statute or contract provides otherwise. *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121, 126 (2015)

(quotation and citation omitted). In diversity cases, a party's entitlement to attorney's fees is determined by state law. *See Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008). Florida follows this common law rule. *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004). "A party seeking to recover attorneys' fees under Florida law bears the burden of establishing a contractual or statutory right to such an award." *Plum Creek Technology, LLC v. Next Cloud, LLC*, No. 8:19-cv-1974-T-60CPT, 2020 WL 3317897, at *1 (M.D. Fla. June 3, 2020). Courts, however, must strictly construe contractual provisions for attorney's fees. *Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335–36 (11th Cir. 2018) (quotation and citation omitted); *Islander Beach Club Condo. v. Skylark Sports, LLC*, 975 So. 2d 1208, 1211-12 (Fla. 5th DCA 2008) (citations omitted).

The defendants request an award of their attorney's fees and nontaxable expenses under § 16.8 of the LPA, which states:

> Legal Fees. In the event of any dispute pertaining to, or litigation or arbitration arising from the enforcement or interpretation of this Agreement, the prevailing party shall be entitled to an award of its attorney's fees, court costs and any other fees, costs and expenses in connection with such dispute, including those incurred in connection with all appellate levels, bankruptcy, mediation or otherwise to maintain such action, from the losing party.

(Doc. 171-1, p. 96). Section 16.8 represents the parties' agreement relating to attorney's fees and expenses. As the prevailing party, the defendants are

3

entitled to an award of their attorney's fees and nontaxable expenses. The plaintiff does not oppose the defendants request for entitlement to attorney's fees and nontaxable expenses.

### III.  CONCLUSION

Because the defendants showed they are entitled to an award of attorney's fees and nontaxable expenses under § 16.8 of the LPA, it is **RECOMMENDED** that the defendants' motion (Doc. 175) be **GRANTED**.[1]

**ENTERED** in Tampa, Florida on April 25, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] "Within forty-five days after the order determining entitlement, the party claiming fees and expenses must file a supplemental motion" on the amount of fees the moving party requests. Local Rule 7.01(c), M.D. Fla.

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.