# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CREATIVE CHOICE HOMES XXX,**
**LLC f/k/a CREATIVE CHOICE HOMES**
**XXX, Inc.,**

      **Plaintiff,**

**v.**                              **Case No.: 8:19-cv-01903-TPB-AAS**

**AMTAX HOLDINGS 690, LLC,**
**and PROTECH 2005-C, LLC,**

      **Defendants.**
_____/

**CREATIVE CHOICE HOMES XXXI,**
**LLC f/k/a CREATIVE CHOICE HOMES**
**XXXI, Inc.,**

      **Plaintiff,**

**v.**                              **Case No.: 8:19-cv-01910-TPB-AAS**

**MG AFFORDABLE MASTER, LLC,**
**MG GTC MIDDLE TIER I, LLC, and**
**MG GTC FUND I, LLC,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Defendants Amtax Holdings 690, LLC, Protech 2005-C, LLC, MG
Affordable Master, LLC, MG GTC Middle Tier I, LLC, and MG GTC Fund I,
LLC (collectively, the defendants) request the court award their reasonable

attorney's fees and non-taxable costs and expenses against Plaintiffs Creative Choice Homes XXX, Ltd. f/k/a/ Creative Choice Homes XXX, Inc. and Creative Choice Homes XXXI, Ltd. f/k/a Creative Choice Homes XXXI, Inc. (collectively, the plaintiffs).[1] (Doc. 197; Doc. 184).[2] The plaintiffs oppose the amount requested in defendants' motions. (Doc. 204; Doc. 191). The defendants replied in response to the plaintiffs' opposition. (Doc. 211; Doc. 199).

For the reasons discussed below, it is **RECOMMENDED** that the defendants' motion for an award of attorney's fees and non-taxable costs and expenses be **GRANTED IN PART AND DENIED IN PART**.

## I.   BACKGROUND

The plaintiff sued the defendants asserting claims arising from the partnership agreements in *Creative Choice Homes XXX, LLC v. Amtax Holdings 690, LLC, et al.*, 8:19-cv-01903-TPB-AAS (the Fountainview litigation) and *Creative Choice Homes XXXI, LLC v. MG Affordable Master, LLC, et al.*, 8:19-cv-01910-TPB-AAS (the Park Terrace litigation).[3] (Doc. 1; Doc.

---

[1] The parties filed identical papers in *Creative Choice Homes XXX, LLC v. Amtax Holdings 690, LLC, et al.*, No. 8:19-cv-01903-TPB-AAS and *Creative Choice Homes XXXI, LLC v. MG Affordable Master, LLC, et al.*, No. 8:19-cv-01910-TPB-AAS. The court will address the papers in a single Report and Recommendation.

[2] This Report and Recommendation will cite first to the docket entry number in *Creative Choice Homes XXX, LLC v. Amtax Holdings 690, LLC, et al.*, No. 8:19-cv-01903-TPB-AAS and then the docket entry number in *Creative Choice Homes XXXI, LLC v. MG Affordable Master, LLC, et al.*, No. 8:19-cv-01910-TPB-AAS.

[3] These substantively identical actions arose after the defendants sent demands to the plaintiffs to cure certain defaults and allegedly wrongful conduct related to the

2

1). The defendants counterclaimed against the plaintiffs and Impro Synergies, LLC (Impro), the plaintiffs' property management company. (Doc. 18; Doc. 18).

United States District Judge Thomas P. Barber held a joint bench trial in the Fountainview litigation and Park Terrace litigation. (*See* Docs. 158, 159, 160; Docs. 146, 147, 148). Judge Barber issued his Findings of Fact and Conclusions of Law and concluded that the plaintiffs breached the limited partnership agreement and its fiduciary obligations to the defendants. (Doc. 173; Doc. 161). Judge Barber dismissed the plaintiffs' claims with prejudice and directed the Clerk of Court to enter judgment in favor of the defendants and against the plaintiffs. (*Id.*). The Clerk of Court entered the judgments.[4] (Doc. 174; Doc. 162).

As the prevailing party, the defendants filed their proposed bills of costs. (Doc. 176; Doc. 164). The proposed bills of costs request $23,293.79 in taxable costs in the Fountainview litigation and $8,587.80 in taxable costs in the Park Terrace litigation. (*Id.*). The plaintiffs did not object to the defendants' proposed bills of costs, and they were entered by the Clerk of Court. (Doc. 227; Doc. 215).

---

plaintiffs' unauthorized affiliate advances, improper cash flow distributions, and late financial and tax reporting in connection with Creative Choice Homes XXX, Ltd. and Creative Choice Homes XXXI, Ltd.

[4] These judgments and orders denying the plaintiffs' motions to amend the judgments are pending before the Eleventh Circuit Court of Appeals. (*See* Doc. 217; Doc. 205).

The defendants also requested that the court determine their entitlement to recover their reasonable attorney's fees and non-taxable costs and expenses under the relevant contractual fee provisions in the limited partnership agreements.[5] (Doc. 176; Doc. 164). The court concluded the defendants were entitled to recover their reasonable attorney's fees and non-taxable costs and expenses under the parties' limited partnership agreements and directed the defendants to file supplemental motions as to the amount of attorney's fees and non-taxable costs and expenses requested in each action. (Doc. 194; Doc. 181).

The defendants now request $883,275.50 in attorney's fees and $38,947.67 in non-taxable costs and expenses in the Fountainview litigation and $900,370.05 in attorney's fees and $48,922.75 in non-taxable costs and expenses in the Park Terrace litigation. (Doc. 197; Doc.184). The plaintiffs responded in opposition to the defendants' proposed award of attorney's fees and non-taxable costs and expenses. (Doc. 204; Doc. 191). The defendants replied in opposition to the plaintiffs' responses. (Doc. 211; Doc. 199).

---

[5] The limited partnership agreements state: "In the event that any court or arbitration proceeding is brought under or in connection with this Agreement, the prevailing party in such proceeding (whether at trial or on appeal) shall be entitled to recover from the other party all costs, expenses, and reasonable attorneys' fees actually incurred to any such proceeding. The term "prevailing party" as used herein shall mean the party in whose favor the final judgment or award is entered in any such judicial or arbitration proceeding." (Doc. 171-1, p. 96; Doc. 159-3, p. 95).

4

## II.   ANALYSIS

The undersigned will consider the defendants' requests for attorney's fees and non-taxable costs and expenses in turn.

### A.   Attorney's Fees

Florida courts use the "lodestar method" in calculating what is a reasonable attorney's fee amount. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151–52 (Fla. 1985)). This "method requires the court to determine a 'lodestar figure' by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney[s]." *Unum Life Ins. Co. of Am. v. Pawloski*, No. 8:13-cv-2290-T-36MAP, 2014 WL 3887513, at *1 (M.D. Fla. Aug. 7, 2014) (citing *Rowe*, 472 So. 2d at 1151). "The lodestar amount may then be adjusted to reach a more appropriate fee amount." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV-COHN/SELTZER, 2016 WL 3944033, at *3 (S.D. Fla. Jan. 15, 2016) (citing *Rowe*, 472 So. 2d at 1151). The initial burden of proving the attorney's fee requested is reasonable falls on the defendants, who must submit evidence about the number of hours expended and the hourly rate claimed. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). The court will address the

reasonableness of the hourly rates charged by each timekeeper and then address the reasonableness of the time entries.

### 1. Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty Cty. Bd. of Edu.,* 775 F.2d 1565, 1571 (11th Cir. 1985). The relevant legal community is where the case is filed—Tampa, Florida. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). Most or all these factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman,* 836 F.2d 1292 (citing *Johnson v. Ga. Hwy. Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)).

The court determines the reasonableness of the rate charged by their congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v.*

*Stenson,* 465 U.S. 886, 896 n. 11 (1984). A fee applicant may meet the burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. The defendants were represented by the law firm Baker, Donelson, Bearman, Caldwell, & Berkowitz, P.C. (Baker Donelson) throughout the Fountainveiw litigation and the Park Terrace litigation.

In determining the defendants' counsel's reasonable hourly rate, the undersigned will consider the experience of the respective timekeepers, Attorney Steven Griffith's declaration and the defendants' authorized agent Dan Kagey's opinion,[6] the complexity of the case, the undersigned's knowledge of the market rates in this division, and the plaintiffs' objections.

### a. Attorneys Steven Griffith, Zach Bancroft, Jackie Prester, Clinton Sanko, Alexander McIntyre, and Jennifer McNamara

The defendants request hourly rates ranging from $375.00 through $695.00 for Attorneys Steven Griffith, Zach Bancroft, Jackie Prester, Clinton Sanko, Alexander McIntyre, and Jennifer McNamara.

---

[6] The defendants' argument supporting the requested hourly rates relies on Attorney Griffith's declaration and Mr. Kagey's opinion. (*See* Docs. 197-1, 197-2; Docs. 184-1, 184-2). Because Attorney Griffith is the defendants' counsel, his declaration standing alone is not satisfactory evidence of the prevailing hourly rates in this district. *See Norman,* 836 F.2d at 1299 ("Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.") (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). In addition, Mr. Kagey is neither an attorney nor an expert in reasonable rates and expenditures in the legal community.

Attorney Griffith has practiced law since 2001 and is a shareholder of Baker Donelson. His practice focuses on complex commercial litigation. Attorney Bancroft has practiced law since 1998 and is a shareholder of Baker Donelson. Similarly, Attorney Prester has practiced law since 1996 and is a shareholder of Baker Donelson. Both Attorney Bancroft's and Prester's practices concentrate on corporate and business matters. Attorney Sanko has practiced law since 2001 and is a shareholder of Baker Donelson. Attorney Sanko has thirteen years of experience in eDiscovery issues. Attorney McIntyre has practiced law since 1985 and he serves as of counsel for Baker Donelson. Attorney McNamara served as of counsel at Baker Donelson from 2004 through 2020.

In this district, previously awarded hourly rates are between $400.00–$510.00 for commercial litigators with over fifteen years of experience. *See, e.g.*, *Star2stAR Communications, LLC v. AMG Group of Brunswick, LLC*, No. 8:20-cv-2078-TPB-JSS, 2022 WL 17326879, at *3 (M.D. Fla. Nov. 8, 2022), *report and recommendation adopted*, No. 8:22-cv-2078-TPB-JSS, 2022 WL 17282152 (M.D. Fla. Nov. 29, 2022) (finding an hourly rate of $450.00 reasonable for an attorney with eighteen years of experience in commercial contract dispute); *Zurich Am. Ins. Co. v. Hardin*, No. 8:14-cv-775-T-23AAS, 2019 WL 13038309, at *1 (M.D. Fla. Oct. 18, 2019) (finding an hourly rate of $450.00 reasonable for an attorney with over twenty years of experience and $420.00 reasonable

for attorneys with between fifteen and nineteen years of experience); *Plum Creek Tech., LLC v. Next Cloud, LLC*, No. 8:19-cv-1974-T-60CPT, 2020 WL 3317897, at *3 (M.D. Fla. June 3, 2020), *report and recommendation adopted*, No. 8:19-cv-1974-T-60CPT, 2020 WL 3288033 (M.D. Fla. June 18, 2020) (finding an hourly rate of $400.00 reasonable for attorney with seventeen years of experience); *Pass-A-Grille Beach Cmty. Church, Inc. v. City of St. Pete Beach*, No. 8:20-cv-1952-TPB-SPF, 2022 WL 1242482, at *2 (M.D. Fla. Apr. 11, 2022), *report and recommendation adopted*, No. 8:20-cv-01952-TPB-SPF, 2022 WL 1239352 (M.D. Fla. Apr. 27, 2022) (finding an hourly rate of $510.00 reasonable for attorney with over thirty years of experience and $410.00 reasonable for attorney with over fourteen years of experience); *First Home Bank v. Climax Akaushi Farm LLC*, No. 8:21-cv-2922-WFJ-TGW, 2022 WL 3577370, at *2 (M.D. Fla. Aug. 19, 2022) (finding an hourly rate of $480.00 reasonable for attorney with nineteen years of experience).

Given previously awarded rates for similar legal services in cases with similar complexity, the undersigned recommends the court find a reasonable hourly rate of $510.00 for Attorneys Griffith, Bancroft, Prester, Sanko, and McIntyre and a reasonable hourly rate of $400.00 for Attorney McNamara.

### b. Attorneys Eve Cann and Laura Carlisle

The defendants request hourly rates ranging from $375.00 through $565.00 for Attorneys Eve Cann and Laura Carlisle. Attorney Cann has

practiced law since 2007 and is a shareholder of Baker Donelson. Similarly, Attorney Carlisle has practiced law since 2011 and is a shareholder of Baker Donelson. Both Attorney Cann's and Carlisle's practices concentrate on complex commercial litigation and business disputes.

Previously awarded hourly rates are between $310.00–$410.00 for attorneys with fifteen or fewer years of experience. *See, e.g., Pass-A-Grille*, 2022 WL 1242482, at *2 (finding an hourly rate of $410.00 reasonable for attorney with over fourteen years of experience and $310.00 reasonable for attorney with over seven years of experience); *JSurgical, Inc. v. Synergy Health, PLC,* No. 8:18-cv-1022-T-30JSS, 2018 WL 7502044, at *3 (M.D. Fla. Dec. 6, 2018) (finding an hourly rate of $400.00 reasonable for an attorney with thirteen years of experience).

Given the previously awarded rates for similar legal services in cases with similar complexity, the undersigned recommends the court find an hourly rate of $400.00 reasonable for Attorneys Cann and Carlisle.

### c. Attorneys Spencer Leach, Meghan Carter, Locke Waldrop, and Matt Juneau

The defendants request hourly rates ranging from $300.00 through $440.00 for Attorneys Spencer Leach, Meghan Carter, Locke Waldrop, and Matt Juneau. Attorney Leach has been an associate at Baker Donelson since 2017 and his practice concentrates on the representation of financial

institutions and other commercial companies. Attorney Carter was an associate at Baker Donelson from 2015 through 2021. Attorney Waldrop has been an associate at Baker Donelson since 2016 and her practice concentrates on bankruptcy and business litigation. Attorney Juneau has practiced law since 2010 and he serves as of counsel at Baker Donelson.

Previously awarded hourly rates are between $285.00–$400.00 for attorneys with five or more years of experience in this district. *See, e.g., First Home Bank*, 2022 WL 3577370, at *2 (finding an hourly rate of $400.00 reasonable for attorney with five years of experience); *Plum Creek Tech, LLC*, 2020 WL 3317897, at *3 (finding an hourly rate of $285.00 reasonable for attorney with five years of experience); *Fuccillo v. Century Enter, Inc.*, No. 8:18-cv-1236-T-36AEP, 2020 WL 1431714, at *5–6 (M.D. Fla. Jan. 15, 2020) (finding an hourly rate of $330.00 reasonable for an attorney with seven years of experience).

Given the previously awarded rates for similar legal services in cases with similar complexity, the undersigned recommends the court find a reasonable hourly rate of $335.00 for Attorneys Leach, Carter, Waldrop, and Juneau.

### d. Attorneys Desislava Docheva, Alexandra Rychlak, Michael Kaney, Josh Kravec, and Melissa Johnson

The defendants request hourly rates ranging from $195.00 through $295.00 for Attorneys Desislava Docheva, Alexandra Rychlak, Michael Kaney, Josh Kravec, and Melissa Johnson. Attorneys Docheva, Rychlak, and Kaney have practiced law since 2018 and are associates at Baker Donelson. Attorney Kravec has been an associate at Baker Donelson since 2021. Attorney Johnson has served as a staff attorney at Baker Donelson since 2016.

Previously awarded hourly rates are between $195.00–$295.00 for associates with four or fewer years of experience. *See, e.g., Suncoast Waterkeeper v. City of St. Petersburg*, No. 8:16-cv-3319-T-27AEP, 2020 WL 1512486, at *6 (M.D. Fla. Mar. 30, 2020) (finding an hourly rate of $295.00 reasonable for associate attorney with two years of experience); *JSurgical, Inc.*, 2018 WL 7502044, at *3 (finding an hourly rate of $250.00 reasonable for associate attorney with four years of experience); *Pass-A-Grille*, 2022 WL 1242482, at *2 (finding an hourly rate of $195.00 reasonable for associate attorney with two years of experience).

Given the previously awarded rates for similar legal services in cases with similar complexity in this district, this court finds an hourly rate of $250.00 reasonable for Attorneys Docheva, Rychlak, Kaney, Kravec, and Johnson.

12

### e. Paralegals Patrice Torres, Timothy Goff, Ali Lowe, Lydia Bettencourt, Karla Viator, Judy Duran, and Legal Secretary Michele Marks

Patrice Torres, Timothy Goff, Ali Lowe, Lydia Bettencourt, Karla Viator, and Judy Duran are litigation paralegals at Baker Donelson. Their experience ranges from thirteen to forty years of experience. Ms. Marks is a legal secretary at Baker Donelson. The defendants do not set forth precise requested hourly rates for these paralegals or Ms. Marks.

Previously awarded hourly rates are between $125.00–$175.00 for paralegals. *See, e.g., Plum Creek Tech, LLC*, 2020 WL 3317897, at *3 (finding an hourly rate of $125.00 reasonable for a paralegal); *Suncoast Waterkeeper*, 2020 WL 1512486, at *6 (finding an hourly rate of $150 reasonable for a paralegal); *Fuccillo*, 2020 WL 1431714, at *5–6 (finding an hourly rate of $175 reasonable for a paralegal). The defendants did not support their request for recovery of Ms. Marks' time performing secretarial tasks.

Given the previously awarded rates for similar legal services in cases with similar complexity in this district, the undersigned recommends the court find an hourly rate of $150.00 is reasonable for paralegals Ms. Torres, Mr. Goff, Ms. Lowe, Ms. Bettencourt, Ms. Viator, and Ms. Duran.

## f.  Hourly Rate Reduction

In accordance with the above analysis, here is a side-by-side comparison of the requested hourly rates with the undersigned's recommended awarded rates:

| Timekeeper | Requested Hourly Rate | Recommended Hourly Rate |
|---|---|---|
| Steven Griffith | $530.00–$695.00 | $510.00 |
| Zach Bancroft | $510.00–$665.00 | $510.00 |
| Jackie Prester | $530.00 | $510.00 |
| Clinton Sanko | $480.00 | $510.00 |
| Eve Cann | $435.00–$565.00 | $400.00 |
| Laura Carlisle | $375.00–$510.00 | $400.00 |
| Spencer Leach | $390.00–$440.00 | $335.00 |
| Meghan Carter | $300.00–$320.00 | $335.00 |
| Locke Waldrop | $390.00 | $335.00 |
| Desislava Docheva | $330.00–$390.00 | $250.00 |
| Alexandra Rychlak | $253.00–$400.00 | $250.00 |
| Michael Kaney | $300.00 | $250.00 |
| Josh Kravec | $255.00 | $250.00 |
| Alexander McIntyre | $585.00 | $510.00 |
| Jennifer McNamara | $375.00–$410.00 | $400.00 |

| | | |
|---|---|---|
| Matt Juneau | $335.00 | $335.00 |
| Melissa Johnson | $280.00–$295.00 | $250.00 |
| Patrice Torres | $285.00–$305.00 | $150.00 |
| Timothy Goff | $215.00 | $150.00 |
| Ali Lowe | $245.00 | $150.00 |
| Lydia Bettencourt | $280.00 | $150.00 |
| Karla Viator | $215.00 | $150.00 |
| Judy Duran | $190.00 | $150.00 |

## 2.  Reasonableness of Hours Expended

Next, the lodestar analysis requires the court to determine the reasonable number of hours the moving party's attorneys expended. *Rowe*, 472 So. 2d at 1150 (Fla. 1985). To prevail in its request for attorney's fees, the moving party must present accurate records that detail the work the attorneys performed. (*Id.*). Attorneys must exercise billing judgment, which "means they must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quotations, citations, and emphasis omitted).

If the moving party requests compensation for unreasonably high hours

expended on a case, a district court may either "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). An across-the-board reduction is appropriate to avoid the "pick and shovel work" of analyzing voluminous billing records. *Kenny A. v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008), *rev'd on other grounds*, 559 U.S. 542 (2010). It is well established that "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So, trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). After a review of the attorneys' timesheets, the undersigned recommends a 40% reduction for the reasons discussed below.

### a. Excessive and Redundant Billing

The plaintiffs argue the defendants "spent an unusually and unreasonably large amount of fees and costs," due in part to the many timekeepers on these two cases. (Doc. 204, p. 13; Doc. 191, p. 13). The plaintiffs similarly argue the defendants' billing is excessive compared to the fees and time billed by the plaintiffs' counsel on the same matters. (*Id.* at 14). "Hours that are excessive, redundant, or otherwise unnecessary should be pruned from a fee application." *Miller's Ale House, Inc. v. Boynton Carolina Ale House,*

16

*LLC*, No. 09-80918-CIV-MARRA/JOHNSON, 2011 WL 13108095, at \*7 (S.D. Fla. Apr. 7, 2011); *see also Hazleton v. City of Orlando*, No. 6:10-cv-342-Orl-36DAB, 2013 WL 5952427, at \*6 (M.D. Fla. Nov. 4, 2013) ("[A] reduction is warranted where the attorneys are unreasonably doing the same work or have made it impossible for the court to recognize the distinct contributions of each lawyer."). Many examples from the record show multiple attorneys billing for the same internal communications with each other. (*See* Doc. 197-1, pp. 149–153, 155–167, 176–177; Doc. 184-1, pp. 149–153, 155–167, 176–177). This creates a redundancy.

A redundancy in billing may occur when a case is overstaffed. *See ECOM Products Group Corp. v. Cox*, No. 8:21-cv-1573-WFJ-AEP, 2022 WL 13631780, at \*5 (M.D. Fla. Oct. 21, 2022) (finding reduction in hours necessary due in part to the excessive number of attorneys working on the case); *Baby Buddies, Inc. v. Toys R Us, Inc.*, No. 8:03-cv-1377-T-17MAP, 2011 WL 4382450, at \*10 (M.D. Fla. Aug. 9, 2011), *report and recommendation adopted*, No. 8:03-cv-1377-T-17MAP, 2011 WL 4382285 (M.D. Fla. Sept. 20, 2011) (finding reduction in hours necessary due in part to the excessive number of attorneys working on the case that the defendants themselves labeled frivolous and unreasonable). The defendants request fees stemming from 24 timekeepers. (Doc. 197, pp. 12–15; Doc. 184, pp. 12–15). Only four of the 24 timekeepers worked on the two matters continuously throughout the four years of litigation.

(*Id.*). Ten timekeepers billed less than fifteen hours across the four-year course of the litigation. (*Id.*). This shows an inefficiency in staffing this case resulting in redundant and excessive billing practices, and the plaintiffs should not bear the cost of the defendants' decision to have 24 timekeepers on this case.

To address the plaintiffs' claims regarding excessive billing, the defendants explain in their reply that the "Limited Partners . . . had to work diligently to obtain, analyze, and ultimately present at trial . . . [substantial relevant and material information]" from the plaintiffs. (Doc. 211, p. 6; Doc. 199, p. 6). While this explanation may account for some additional time, the undersigned is not convinced it accounts for the 4,000+ hours expended on this case. Several examples from the record show excessive billing by the defendants. As one example, one attorney spent 18 hours "drafting proposed findings of fact and conclusions of law," resulting in $6,480 in fees to produce one document. (*See* Doc. 197-1, pp. 189–190, 416; Doc. 184-1, pp. 189–190, 416). The undersigned considers the excessive and redundant billing in its recommended 40% across-the-board reduction.

### b. Vague Billing

The plaintiffs argue the defendants' billing records are "excessively vague as well as heavily redacted" and contend an appropriate amount will be "virtually impossible to assess based on this record." (Doc. 204, p. 12; Doc. 191, p. 12). The plaintiffs provide no examples of time entries that are so heavily

redacted or excessively vague as to render the court unable to assess the reasonableness of entries. However, after a review of the record, the undersigned finds examples of excessively vague and heavily redacted time entries.

For example, one entry reads, "[w]ork with team on strategy with," followed by redactions. (Doc. 197-1, p. 115; Doc. 184-1, p. 115). This vague strategy session took 1.4 hours and cost the client $896.00, all without an explanation as to what the attorney and "team" strategized about. (*Id.*). "When the subject of work performed is redacted, the court has insufficient information to determine whether the time spent on the task was reasonable." *People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-cv-2899-T-36AAS, 2020 WL 3266524, at *4 (M.D. Fla. May 28, 2020), *report and recommendation adopted*, No. 8:16-cv-2899-T-36AAS, 2020 WL 6938636 (M.D. Fla. Nov. 25, 2020). There are similar entries with heavy redactions throughout the record. (*See* (Doc. 197-1, p. 124; Doc. 184-1, p. 124) ("Call with internal team re: [redacted]"); (Doc. 197-1, p. 128; Doc. 184-1, p. 128) ("Extended conference call with team regarding [redacted]"); (Doc. 197-1, p. 139; Doc. 184-1, p. 139) ("Communicate with D. Docheva regarding [redacted]"); (Doc. 197-1, p. 157; Doc. 184-1, p. 157) ("Research concerning [redacted]")). The undersigned considers the vague entries in its recommended 40% across-the-board reduction.

### c.    Duplicative Entries

The plaintiffs offer multiple examples of duplicates in the defendants' billing records. (*See* Doc. 204, p. 13; Doc. 191, p. 13). Specifically, the defendants explain:

> Over the life of the matters, given that there were almost no events that were unique to Park Terrace or Fountainview, timekeepers were instructed to bill to one matter of other as appropriate. Then, at the end of every month, in order to ensure that the cost of the litigation was not unduly borne by one investor over the other, Baker Donelson's billing department was instructed to transfer time entries from one matter to the other to bring the total billings for the Park Terrace and Fountainview disputes to relatively equal amounts.
>
> Therefore, you will see some anomalies in your review – for instance, a week where no time was "billed" to one matter, but time was "billed" to the other, or you'll find instances where it appears multiple entries for similar work by a same person on the same day. This is a product of moving time from one matter to the other to equalize the burden on both investors. You should find no instances of the same work being charged to either matter more than once – if you do, obviously do not hesitate to call it to our attention.

(Doc. 204, p. 4; Doc. 191, p. 4).

The defendants' explanation, however, does not address other duplicative time entries in the record. For example, two identical entries of 3.7 hours by one attorney appear on the Fountainview bill for June 24, 2021. (Doc. 197-1, p. 148; Doc. 184-1, p. 148). On the same day on the Fountainview bill, there are two identical entries of 6.0 hours by another attorney. (Doc. 197-1, pp. 149–150; Doc. 184, pp. 149–150). It is unclear whether these entries are

20

the product of splitting one entry, meaning the attorney billed one 12-hour block in one day, or if this duplication was accidental. This billing practice makes it difficult for the court to discern which duplicates are acceptable and which are not, especially given the fact the defendants' above explanation proclaimed there would be no instances of the same work being charged to one matter. The undersigned considers the duplicative entries in its recommended 40% across-the-board reduction.

### d. Clerical Work

The plaintiffs next argue the defendants unreasonably billed for clerical work and provide various examples. (*See* Doc. 204, pp. 15–16; Doc. 191, pp. 15–16). "Clerical work, such as the compilation of facts and statistics, coordinating schedules, basic communications, procedural matters, and housekeeping matters, is usually performed by legal assistants, not lawyers." *Machado v. Da Vittorio, LLC*, No. 09-23069-CIV, 2010 WL 2949618, at *3 (S.D. Fla. July 26, 2010). These entries occur at various points in the billing record, including time entries for preparing exhibit materials, scheduling, and other clerical tasks. (*See* Doc. 197-1, pp. 205, 259, 440; Doc. 184, pp. 205, 259, 440). Additionally, the defendants billed for time entries by a legal secretary, Michele Marks. (Doc. 197, pp. 13–14; Doc. 184, pp. 13–14). The undersigned considers the clerical work in its recommended 40% across-the-board reduction.

### e. Post-judgment Work

The plaintiffs argue the defendants cannot recover fees from the time spent on post-judgment tasks. (Doc. 204, pp. 16–17; Doc. 191, pp. 16–17). As authority for this contention, the plaintiffs cite *Thermoset Corp. v. Bldg. Materials Corp. of Am.*. (Doc. 204, p. 16; Doc. 191, p. 16). In *Thermoset*, the prevailing party was entitled to attorney's fees under Florida Statute § 768.79. *Thermoset*, No. 14-60268-CIV, 2016 WL 3944033, at *2 (S.D. Fla. Jan. 15, 2016), *report and recommendation adopted*, 14-60268-CIV, 2016 WL 3944034 (S.D. Fla. Feb. 2, 2016). Conversely, the defendants in this case are contractually entitled to an award of attorney's fees under § 16.8 of the Limited Partnership Agreement ("LPA"). (*See* Doc. 177; Doc. 165). Section 16.8 of the LPA states:

> Legal Fees. In the event of any dispute pertaining to, or litigation or arbitration arising from the enforcement or interpretation of this Agreement, the prevailing party shall be entitled to an award of its attorney's fees, court costs and any other fees, costs and expenses in connection with such dispute, including those incurred in connection with all appellate levels, bankruptcy, mediation or otherwise to maintain such action, from the losing party.

(Doc. 171-1, p. 96; Doc. 159-1, p. 96). The undersigned does not read the LPA to exclude post-judgment work, and so does not recommend a reduction of the fee request on this basis.

### f.  Unsuccessful Motions and Impleading Impro

The plaintiffs argue the defendants erred in attempting to recover fees for the time spent on unsuccessful motions and the time spent impleading Impro. (Doc. 204, pp. 17–18; Doc. 191, pp. 17–18). However, time spent on an unsuccessful motion is not necessarily time spent unreasonably. *See New York Life Ins. Co. v. Waxenberg*, No. 807-cv-401-T-27TGW, 2009 WL 5214986, at *4 (M.D. Fla. Dec. 29, 2009) ("[T]he Court does not find the lack of success on these motions necessarily dispositive."). The plaintiffs offer no authority to justify their contentions with the defendants' efforts to implead Impro. In their reply, the defendants explain the prudence of the unsuccessful motions and the necessity of impleading Impro. (Doc. 211, pp. 5–6; Doc. 199, pp. 5–6). The undersigned is persuaded by the defendants' explanation, and so does not recommend a reduction of the fee request on this basis.

### g.  Travel Time

Throughout the course of this litigation, the defendants repeatedly billed for hourly fees incurred during travel. (*See* Doc. 197-1; Doc. 184-1). Travel was necessary for many attorneys in this case because Baker Donelson does not have an office in Tampa, Florida. (Doc. 197, p. 16; Doc. 184, p. 16). Although parties to litigation are free to retain non-local counsel, in order to recover travel time, the fee applicant "generally must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Pass-A-*

*Grille*, 2022 WL 1242482, at *7 (quoting *Martinez v. Hernando Cnty. Sheriff's Office*, 579 Fed. Appx. 710, 714 (11th Cir. 2014)). It is unreasonable to pass off travel costs of out-of-town counsel to an opposing party without showing a lack of local counsel. *Martinez*, 579 Fed. Appx., at 714. The defendants do not establish, or even address, whether the Tampa legal market lacks attorneys capable of handling LIHTC matters, but the defendants attempt to recover tens of thousands of dollars of hourly fees for attorney travel. (See Doc. 197-1, pp. 144–145, 152, 200–204, 224, 365, 370, 412–414; Doc. 184-1, pp. 144–145, 152, 200–204, 224, 365, 370, 412–414). The undersigned considers the large amount of travel time billed in its recommended 40% across-the-board reduction.

### h. Billing Hours Reduction

While the plaintiffs present certain valid concerns about the defendants' billing records and overall billing judgement, the court also considers the plaintiffs' failure to respond to the defendants' requests for a meet-and-confer conference. (*See* Doc. 197, pp. 4–5; Doc. 184, pp. 4–5). Had the plaintiffs responded, the defendants may have remedied the plaintiffs' concerns before submitting these motions to the court.

The court is well positioned to make its own determination. "[T]he computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano*

*v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). After consideration of all the above and the undersigned's own knowledge about reasonable billing practices and time expenditures, the court finds it necessary for an across-the-board reduction of hours expended by 40%. *See, e.g., Martinez*, 579 Fed. Appx., at 715 (affirming 75% reduction); *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017) (affirming 40% reduction to account for excessive redaction, block billing, clerical work, and excessive rates); *DJ Lincoln Enterprises, Inc. v. Google, LLC*, No. 20-cv-14159, 2022 WL 4287640, at *12 (S.D. Fla. July 28, 2022), *report and recommendation adopted*, No. 2:20-cv-14159, 2022 WL 3754182 (S.D. Fla. Aug. 30, 2022) (adopting 60% reduction for block billing and excessive billing); *Rubenstein v. Fla. Bar*, No. 14-cv-20786, 2015 WL 1470633, at *4–6 (S.D. Fla. Mar. 31, 2015), *report and recommendation adopted*, 2015 WL 11216722 (S.D. Fla. Apr. 22, 2015) (adopting a 30% reduction to counsel's hours).

The undersigned recommends the court find a 40% reduction is appropriate in this action. These are the reduced hours for each timekeeper:

| Timekeeper | Requested Hours | Hours after 40% Reduction |
|---|---|---|
| Steven Griffith | 571.10 | 342.66 |
| Zach Bancroft | 118.20 | 70.92 |

| | | |
|---|---|---|
| Jackie Prester | 0.30 | 0.18 |
| Clinton Sanko | 0.40 | 0.24 |
| Eve Cann | 253.20 | 151.92 |
| Laura Carlisle | 1,042.60 | 625.56 |
| Spencer Leach | 43.20 | 25.92 |
| Meghan Carter | 42.50 | 25.5 |
| Locke Waldrop | 31.20 | 18.72 |
| Desislava Docheva | 873.90 | 524.34 |
| Alexandra Rychlak | 328.40 | 197.04 |
| Michael Kaney | 116.70 | 70.02 |
| Josh Kravec | 1.40 | 0.84 |
| Alexander McIntyre | 12.40 | 7.44 |
| Jennifer McNamara | 123.60 | 74.16 |
| Matt Juneau | 14.30 | 8.58 |
| Melissa Johnson | 235.80 | 141.48 |
| Patrice Torres | 389.10 | 233.46 |
| Timothy Goff | 1.00 | 0.6 |
| Ali Lowe | 3.40 | 2.04 |
| Lydia Bettencourt | 3.60 | 2.16 |
| Karla Viator | 9.40 | 5.64 |

| Judy Duran | 0.60 | 0.36 |
|---|---|---|

### 3.  Lodestar for Reasonable Attorney's Fee Award

The reduced billing hours applied to the reduced hourly rates for the

*Fountainview litigation* is:

| Timekeeper | Total Hours | Reduced by 40% | Reasonable Hourly Rate | Total Fee |
|---|---|---|---|---|
| Steven Griffith | 223.6 | 134.16 | $510.00 | $68,421.60 |
| Zach Bancroft | 63.3 | 37.98 | $510.00 | $19,369.80 |
| Clinton Sanko | 0.4 | 0.24 | $510.00 | $122.40 |
| Eve Cann | 93.7 | 56.22 | $400.00 | $22,488.00 |
| Laura Carlisle | 586.5 | 351.9 | $400.00 | $140,760.00 |
| Spencer Leach | 22.6 | 13.56 | $335.00 | $4,542.60 |
| Meghan Carter | 18.6 | 11.16 | $335.00 | $3,738.60 |
| Locke Waldrop | 7.4 | 4.44 | $335.00 | $1,487.40 |
| Desislava Docheva | 477.6 | 286.56 | $250.00 | $71,640.00 |
| Alexandra Rychlak | 149.6 | 89.76 | $250.00 | $22,440.00 |
| Michael Kaney | 71.8 | 43.08 | $250.00 | $10,770.00 |
| Josh Kravec | 0.5 | 0.3 | $250.00 | $75.00 |
| Alexander McIntyre | 6.2 | 3.72 | $510.00 | $1,897.20 |
| Jennifer McNamara | 49.3 | 29.58 | $400.00 | $11,832.00 |

| | | | | |
|---|---|---|---|---|
| Matt Juneau | 14.3 | 8.58 | $335.00 | $2,874.30 |
| Melissa Johnson | 106.6 | 63.96 | $250.00 | $15,990.00 |
| Patrice Torres | 235.1 | 141.06 | $150.00 | $21,159.00 |
| Ali Lowe | 1.7 | 1.02 | $150.00 | $153.00 |
| Lydia Bettencourt | 1.6 | 0.96 | $150.00 | $144.00 |
| Karla Viator | 4.8 | 2.88 | $150.00 | $432.00 |
| Judy Duran | 0.3 | 0.18 | $150.00 | $27.00 |
| **Total** | | | | **$420,363.90** |

The reduced billing hours applied to the reduced hourly rates for the

*Park Terrace litigation* is:

| Timekeeper | Total Hours | Reduced by 40% | Reasonable Hourly Rate | Total Fee |
|---|---|---|---|---|
| Steven Griffith | 347.5 | 208.5 | $510.00 | $106,335.00 |
| Zach Bancroft | 54.9 | 32.94 | $510.00 | $16,799.40 |
| Clinton Sanko | 0.3 | 0.18 | $510.00 | $91.80 |
| Eve Cann | 159.5 | 95.7 | $400.00 | $38,280.00 |
| Laura Carlisle | 456.1 | 273.66 | $400.00 | $109,464.00 |
| Spencer Leach | 20.6 | 12.36 | $335.00 | $4,140.60 |
| Meghan Carter | 23.9 | 14.34 | $335.00 | $4,803.90 |
| Locke Waldrop | 23.8 | 14.28 | $335.00 | $4,783.80 |

| | | | |
|---|---|---|---|
| Desislava Docheva | 396.3 | 237.78 | $250.00 | $59,445.00 |
| Alexandra Rychlak | 178.8 | 107.28 | $250.00 | $26,820.00 |
| Michael Kaney | 44.9 | 26.94 | $250.00 | $6,735.00 |
| Josh Kravec | 0.9 | 0.54 | $250.00 | $135.00 |
| Alexander McIntyre | 6.2 | 3.72 | $510.00 | $1,897.20 |
| Jennifer McNamara | 74.3 | 44.58 | $400.00 | $17,832.00 |
| Matt Juneau | 129.2 | 77.52 | $250.00 | $19,380.00 |
| Melissa Johnson | 154 | 92.4 | $150.00 | $13,860.00 |
| Patrice Torres | 1 | 0.6 | $150.00 | $90.00 |
| Ali Lowe | 1.7 | 1.02 | $150.00 | $153.00 |
| Lydia Bettencourt | 2 | 1.2 | $150.00 | $180.00 |
| Karla Viator | 4.6 | 2.76 | $150.00 | $414.00 |
| Judy Duran | 0.3 | 0.18 | $150.00 | $27.00 |
| **Total** | | | | **$431,666.70** |

## B. Non-Taxable Costs and Expenses

The defendants request non-taxable costs and expenses in the amount of $38,947.67 in the Fountainview litigation and $48,922.75 in the Park Terrace litigation. (Doc. 197, p. 17; Doc. 184, p. 17). In response, the plaintiffs contend

the defendants are requesting double recovery for taxable and non-taxable costs.[7] (Doc. 204, pp. 9–10; Doc. 191, pp. 9–10).

In particular, the plaintiffs point to two days in the defendants' billing records where taxable costs are included in a part of a total line item that the plaintiffs thought was used as a figure for the defendants' request for non-taxable costs. (Doc. 204, p. 10; Doc. 191, p. 10). The plaintiffs are correct that these items are included in the proposed bill of costs *and* within line-item calculations of expenses incurred by the defendants. (*See* Doc. 197-1, pp. 30, 237; Doc. 184-1, pp. 30, 237). However, these and other requested taxable costs were excluded from the amount requested in non-taxable costs. (Doc. 211, p. 3; Doc. 199, p. 3).

In their reply, the defendants detailed the following equation to explain their requested non-taxable costs and expenses:

<u>Fountainview</u>: $27,649.46 (total expenses) − $23,293.79 (bill of costs) − $388.00 (May bankruptcy expenses, invoice 9002787) = $3,967.67.

---

[7] The plaintiffs also contest certain taxable costs in a footnote in their response to the defendants' motions. (*See* Doc. 204, p. 10 n. 5; Doc. 191, p. 10 n. 5). This is not the appropriate manner to raise these objections to the defendants' requested taxable costs. *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."). The Clerk entered the bill of costs on April 5, 2023. (Doc. 227; Doc. 215).

<u>Park Terrace</u>: $27,928.28[8] (total expenses) − $8,587.80 (bill of costs) − $605.23 (May bankruptcy expenses, invoice 9002786) = $18,785.25

(Doc. 211, p. 3; Doc. 199, p. 3).

The defendants then provided this following equation to explain the additional non-taxable costs and expenses (that do not appear in the total expenses table):

<u>Fountainview</u>: $3,967.67 + $34,980 (Novogradec and CohnReznick costs) + $3,000.00 (Pinoli invoice paid July 2022) = $41,947.67.

<u>Park Terrace</u>: $18,785.25 + $30,137.50 (Novogradac and CohnReznick costs) + $3,000.00 (Pinoli invoice paid in July 2022) = $51,922.75.

(Doc. 211, p. 3; Doc. 199, p. 3).

The defendants also submitted evidence supporting their contention that the plaintiffs failed to respond to requests for a meet-and-confer conference, at which the defendants likely would have explained the equation they used to calculate non-taxable costs and expenses. (Doc. 197-3, pp. 2–5; Doc. 184-3, pp. 2–5). Nonetheless, it is clear from the equation that the defendants excluded taxable costs from their request for non-taxable costs. Therefore, the plaintiffs' objection for the defendants' alleged double billing fails.

---

[8] It appears the defendants made a typographic error here. The correct amount should be $27,978.28, which is the amount shown in the Park Terrace litigation expense sheet. (Doc. 197-1, p. 237; Doc. 184-1, p. 237). This mistake does not affect the costs awarded, because the total figure of $18,785.25 is correct.

It is important to note the total non-taxable costs and expenses requested in the defendants' replies are different than those requested in the underlying motions. (Doc. 197, p. 17; Doc. 184, p. 17) (requesting $38,947.67 in the Fountainview litigation and $48,922.75 in the Park Terrace litigation); (Doc. 211, p. 3; Doc. 199, p. 3) (requesting $41,947.67 in the Fountainview litigation and $51,922.75 in the Park Terrace litigation). After careful analysis of the record, the undersigned determined the defendants mistakenly double counted the two $3,000.00 Pinoli invoices in its replies.

The defendants provided invoices and receipts of payment for the Novogradac and CohnReznick costs. (*See* Doc. 197-2, pp. 439–455; Doc. 184-2, pp. 439–455). The defendants did not clearly specify a total for these services in the motions. (Doc. 197; Doc. 184). The total the defendants specified in their reply is incorrect. (Doc. 211, p. 3; Doc. 199, p. 3). Using invoices and receipts provided by the defendants, the correct calculations for the Novogradac and CohnReznick costs are $31,980.00 in the Fountainview litigation and $27,137.50 in the Park Terrace litigation. (Doc. 197-2, pp. 439–455; Doc. 184-2, pp. 439–455) (showing invoices and receipts for $5,500.00, $11,500.00, $8,650.00, and $6,330.00 for the Fountainview litigation and $11,500.00, $8,650.00, and $6,987.50 in the Park Terrace litigation).

In the replies, the defendants added $3,000 to the correct totals for the Novogradac and CohnReznick costs and then added another $3,000 to reach

the incorrect total of $41,947.67 and $51,922.75 in non-taxable costs and expenses. (*See* Doc. 211, p. 3; Doc. 199, p. 3). The defendants were correct, however, in their underlying motions, requesting $38,947.67 and $48,922.75. (*See* Doc. 197, p. 17; Doc. 184, p. 17). Put simply, the defendants likely added the costs of the Pinoli invoices to the Novogradac and CohnReznick totals and then included the costs of the Pinoli invoices again, resulting in a discrepancy of $3,000 in non-taxable costs for each matter in the defendants' replies.

Mistakes aside, the defendants have met their burden for non-taxable expenses. *See* Local Rule 7.01(c)(5)(A)–(B), M.D. Fla. ("[T]he party claiming fees and expenses must file a supplemental motion that . . . includes for a disputed non-taxable expense: a receipt for, or other evidence of, the expense and lead counsel's verification that counsel incurred the expense"). The defendants' motion included Attorney Griffith's verification of non-taxable costs and expenses incurred (Doc. 197-1, pp. 25–27; Doc. 184-1, pp. 25–27), Mr. Kagey's verification of payment of non-taxable costs and expenses incurred (Doc. 197-2, pp. 4–5; Doc. 184-2, pp. 4–5), and hundreds of pages of invoices and receipts.

Therefore, the undersigned recommends the court find the defendants are entitled to non-taxable costs and expenses of $38,947.67 in the Fountainview litigation and $48,922.75 in the Park Terrace litigation.

## III.   CONCLUSION

The undersigned respectfully **RECOMMENDS** the defendants' motions for an award of attorney's fees and non-taxable costs and expenses (Doc. 197; Doc. 184) be **GRANTED IN PART AND DENIED IN PART**:

(1) The defendants be awarded its reasonable attorney's fees in the amount of **$420,363.90** in the *Fountainview litigation* and **$431,666.70** in the *Park Terrace litigation* against the plaintiffs, and

(2) The defendants be awarded its non-taxable costs and expenses of **$38,947.67** in the *Fountainview litigation* and **$48,922.75** in the *Park Terrace litigation* against the plaintiffs.

**ENTERED** in Tampa, Florida this April 5, 2023.

Amanda Arnold Sansone
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right

to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.